OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which granted summary judgment to appellees, Glasstech, Inc. ("Glasstech") and Mark D. Christman ("Christman"), in this employment contract dispute. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, James E. Heider, sets forth the following eleven assignments of error:
"STATEMENTS OF ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT DISREGARDED OHIO LAW WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON MR. HEIDER'S BREACH OF CONTRACT CLAIM.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY CONSIDERING DOCUMENTS THAT SHOULD HAVE BEEN EXCLUDED IN ACCORDANCE WITH RULE 408 OF THE OHIO RULES OF EVIDENCE.
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED WHEN IT FAILED TO SUBMIT TO THE JURY THE ISSUES OF WHETHER APPELLEES WAIVED THE `NO ORAL MODIFICATION' PROVISION, WHETHER THE EMPLOYMENT AGREEMENT WAS ORALLY MODIFIED AND WHETHER APPELLEES BREACHED THE TERMS OF SAME.
"FOURTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT MR. HEIDER DID NOT PRODUCE ANY EVIDENCE OF NEW AND DISTINCT CONSIDERATION TO SUPPORT AN ORAL MODIFICATION TO THE EMPLOYMENT AGREEMENT.
"FIFTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT MISAPPLIED THE LAW WHEN IT FOUND THAT MR. HEIDER COULD NOT INVOKE THE DOCTRINE OF PROMISSORY ESTOPPEL TO MODIFY THE TERMS OF THE DECEMBER 6, 1994 EMPLOYMENT AGREEMENT.
"SIXTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED WHEN IT FOUND THAT THE PROMISES MARK CHRISTMAN MADE TO MR. HEIDER WERE NOT CLEAR AND UNAMBIGUOUS.
"SEVENTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT MR. HEIDER DID NOT REASONABLY RELY ON MARK CHRISTMAN'S PROMISES CONCERNING HIS EMPLOYMENT UNTIL RETIREMENT.
"EIGHTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT MISAPPLIED OHIO LAW WHEN IT FOUND, AS A MATTER OF LAW, THAT MR. HEIDER DID NOT DETRIMENTALLY RELY ON THE PROMISES MARK CHRISTMAN MADE TO HIM CONCERNING HIS EMPLOYMENT WITH GLASSTECH UNTIL RETIREMENT.
"NINTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT IMPROPERLY APPLIED THE HOLDING IN COHEN CO. v. MESSINA (1985), 24 OHIO APP.3d 22 TO FIND THAT THE EMPLOYEE HANDBOOK DID NOT SUPPLEMENT THE DECEMBER 6, 1994 EMPLOYMENT AGREEMENT AND OTHERWISE ERRED IN DISMISSING THE FIFTH CLAIM FOR RELIEF.
"TENTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FINDING THAT THE REPRESENTATIONS MARK CHRISTMAN MADE TO MR. HEIDER AFTER THEY SIGNED THE STOCK OPTION AGREEMENT WERE BARRED BY THE PAROL EVIDENCE RULE.
"ELEVENTH ASSIGNMENT OF ERROR
 "THE LOWER COURT ERRED IN FINDING THAT MR. HEIDER DID NOT SHOW ANY NEW AND DISTINCT CONSIDERATION TO SUPPORT AN ORAL MODIFICATION TO THE STOCK OPTION AGREEMENT AND OTHERWISE ERRED IN DISMISSING THE EIGHTH CLAIM FOR RELIEF."
The following facts are relevant to this appeal. Appellant filed a complaint against appellees on January 15, 1997 and an amended complaint on April 3, 1997 which set forth the following: that after being employed at Owens-Illinois for approximately twenty-seven years, he accepted employment at Glasstech in January 1987; that appellant received promotions, outstanding work performance reviews, raises and bonuses; that Glasstech filed for bankruptcy in 1993; that appellant entered into a new employment agreement ("agreement") with Glasstech on December 6, 1994; that on February 19, 1996, appellant was notified that his employment agreement would not be renewed and on February 23, 1996, appellant received written notification of the same via ordinary mail; that appellees breached the terms and conditions of the agreement and/or breached the terms and conditions of an oral modification to the agreement. In addition to the breach of contract claim, appellant also set forth claims that Glasstech should be promissorily estopped from denying the existence of an oral contract or an oral modification of the agreement; breach of an alleged implied contract or an implied modification of the agreement; retaliatory discharge in violation of Glasstech's employee's handbook; personal liability for Christman under a theory of "piercing the corporate veil"; intentional infliction of emotional distress; and for breach of a stock option agreement.
Appellees moved for summary judgment on all claims against them. Appellant moved for partial summary judgment as to liability on his breach of contract claim and the breach of stock option claim. On July 24, 1998, the trial court granted summary judgment to appellees on all counts and denied appellant's motion. Appellant filed a timely notice of appeal.
In ten of appellant's eleven assignments of error, he challenges the trial court's grant of summary judgment. In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In appellant's second assignment of error, he challenges the trial court's application of Evid.R. 408. A trial court has broad discretion in the admission or exclusion of evidence.Zammit v. Soc. Natl. Bank (1996), 115 Ohio App.3d 543, 561. When a party challenges a ruling on the admission or exclusion of evidence by a trial court, an appellate court will not reverse the trial court's ruling unless the trial court abused its discretion.O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. (Citations omitted).
 I.
In his first assignment of error, appellant contends that the trial court disregarded Ohio law in granting summary judgment to appellees. Specifically, appellant argues that the trial court's determination that appellees "substantially complied" with the notice provision of appellant's employment contract was contrary to Ohio law. Appellant cites Central OhioCo-op. Milk Producers v. Rowland (1972), 29 Ohio App.2d 236, 239, in support of his argument that when the time and manner of exercising the power of termination is specified in the contract, attempts to exercise it otherwise will be ineffective. This court finds no merit in this assignment of error.
The court in Central Ohio Co-op. Milk Producers v.Rowland, 29 Ohio App.2d at 239, did not rely on the points of law cited by appellant for its decision. These comments were superfluous to the decision. Therefore, these comments were obiter dicta, incidental commentary. See, Black's Law Dictionary (6 Ed. 1991) 740. See, also, State ex rel. Kaylor v. Bruening
(1997), 80 Ohio St.3d 142, 147 (opinions unnecessary to holding are dicta).
Additionally, this court agrees with the following fromMcGowan v. DM Group IX (1982), 7 Ohio App.3d 349, 351-352, in regard to a claim of lack of compliance with notice provisions:
 "Defendants have presented no evidence in support of their contentions, but, instead, rely solely upon plaintiff's admission that the notice that he gave repeatedly to defendants was not in writing and, therefore, not in technical compliance with the lease. There is no evidence, however, that defendants were not fully aware that plaintiff intended to vacate the premises as soon as he could. * * *
 "The purpose of requiring written notice is not to be hypertechnical but, instead, to create certainty. * * * At no time is there any indication that defendants advised plaintiff that they were going to insist upon written notice or a new month-to-month tenancy. To require same under the circumstances of this case would be unconscionable, even though the provision of the lease itself is not unconscionable. Rather, it is the action of defendants under the peculiar circumstances of this case which is unconscionable. There was clearly knowledge on the part of defendants of plaintiff's intent to vacate, and defendants were not prevented or delayed in finding a new tenant at the end of the term. In short, additional written notice would have served no purpose in this case. Defendants have attempted to take advantage of a hypertechnical construction and application of the lease agreement. The trial court did not err under these circumstances in finding that the lease had terminated at the end of the term * * *."
See, also, All Erection Crane Rental Corp. v. Painesville Twp.Bd. of Trustees (Sept. 6, 1996), Lake App. No. 95-L-190, unreported and Cavalier v. No. Akron Auto Paint Shops, Inc. (Oct. 24, 1984), Summit App. No. 11683, unreported, for the proposition that when an appellant is not prejudiced by notice deficiencies, the notice deficiencies do not create reversible error.
Although these cases did not involve employment contracts, this court can discern no reason why the principles articulated in these cases should not be applied to the case subjudice. Appellant has demonstrated no prejudice by the fact that appellees sent the notice of termination by ordinary mail rather than by facsimile, certified or registered mail or overnight delivery service.
Accordingly, appellant's first assignment of error is found not well-taken.
 II.
In his second assignment of error, appellant contends that the trial court erred in considering documents that should have been excluded in accordance with Evid.R. 408. This court finds no merit in this assignment of error.
Evid.R. 408 provides:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."
Appellant argues that the following statement from the judgment entry indicates that the trial court based its finding upon facts of settlement discussions: "Plaintiff by his actions and conduct may have also waived compliance with the notice provision." This court does not agree. Appellees submitted the letters to demonstrate that appellant had received notice of the non-renewal of his employment contract and waived his right to enforce the notice provision. Therefore, the letters were admitted for another purpose.
In Shimola v. Cleveland (1992), 89 Ohio App.3d 505,511, noting that a trial court has broad discretion concerning the scope of examination and the submission or exclusion of evidence, the appellate court held:
 "* * * Evid.R. R. 408 is meant to exclude offers to compromise and of compromises to prove the liability for, or invalidity of, the claim or its amount when liability, invalidity or the amount is at issue. The exclusion does not apply when the evidence is presented for a purpose other than proving liability, invalidity, or the amount of the claim."
Furthermore, it will be presumed that a trial court rejected the incompetent and prejudicial and considered only the competent and relevant evidence. A reviewing court will not presume that the trial court deliberately committed prejudicial error. In re Baker (1969), 18 Ohio App.2d 276.
Accordingly, appellant's second assignment of error is found not well-taken.
 III.
This court will address appellant's fourth assignment of error before appellant's third assignment of error. In his fourth assignment of error, appellant contends that the trial court erred in finding that appellant did not produce any evidence of new and distinct consideration to support an oral modification to the employment contract. This court finds no merit in this assignment of error.
Appellant argued that he prepared a strategic plan for Glasstech that continued through the year 2001, his contemplated retirement date, and that he would not have prepared this plan but for the representations of Christman that he would have employment at Glasstech until he retired. Appellant also argued that he did not look for employment and turned down job offers in further reliance upon these representations.
The court in Richland Builders, Inc. v. Thome (1950),88 Ohio App. 520, 527, noted:
 "An oral agreement, to have the effect to alter or modify the terms of a prior written contract, must be a valid and binding contract of itself, resting upon some new and distinct consideration." (Citation omitted.)
This court agrees with the trial court in the case sub judice that appellant did not produce any evidence of new and distinct consideration for an oral modification. Appellant admitted that he had prepared five year strategic plans as early as 1993. Thus, the preparation of a strategic plan for Glasstech that continued through the year 2001 did not constitute new and distinct consideration. Appellant's continued employment at Glasstech was already part of his original contract and, thus, did not constitute new and distinct consideration.
Accordingly, appellant's fourth assignment of error is found not well-taken.
 IV.
In his third assignment of error, appellant contends that the trial court erred when it failed to submit to the jury the issues of whether appellees waived the no oral modifications provision, whether the employment agreement was orally modified and whether appellees breached the terms of the oral modification. Our decision as to the appellant's fourth assignment of error in which we found that appellant did not produce any evidence of new and distinct consideration for an oral modification of the employment contract renders appellant's third assignment of error moot.
 V.
In his fifth assignment of error, appellant contends that the trial court misapplied the law when it found that appellant could not invoke the doctrine of promissory estoppel to modify the terms of his employment contract. This court finds no merit in this assignment of error.
Promissory estoppel applies to oral at-will employment contracts. Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, paragraph three of the syllabus. Furthermore, the doctrine of promissory estoppel cannot be invoked to modify the terms of an employment contract as it was entered into. Gallant v. ToledoPub. Schools (1992), 84 Ohio App.3d 378, 386.
Accordingly, appellant's fifth assignment of error is found not well-taken.
 VI.
Appellant's sixth through eighth assignments of error all allege that the trial court erred in its ruling on appellant's promissory estoppel claim. In his sixth assignment of error, in regard to the trial court's determination that appellees were entitled to summary judgment on appellant's claim that Glasstech was promissorily estopped from denying that the employment agreement was orally modified, appellant contends that the trial court erred when it found that the promises Christman made to appellant were not clear and unambiguous. In his seventh assignment of error, appellant contends that the trial court erred in finding that appellant did not reasonably rely on the promises Christman made regarding employment until retirement. Specifically, appellant contends that, in regard to the trial court's determination that appellees were entitled to summary judgment on appellant's claim that Glasstech was promissorily estopped from denying that the employment agreement was orally modified, a question of fact exists as to whether his alleged reliance was reasonable. In his eighth assignment of error, appellant contends that the trial court misapplied Ohio law when it found that appellant did not detrimentally rely on the promises Christman made regarding employment until retirement. This court finds no merit in these assignments of error.
A claim of promissory estoppel requires evidence of all of the following elements: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) the reliance was reasonable and foreseeable; and (4) the party claiming estoppel must have relied on the promise to his detriment. Cohen Co. v. Messina (1985), 24 Ohio App.3d 22, 26. Even assuming arguendo that there was a question of fact as to the alleged promises made to appellant, the sixth assignment of error, and even assuming arguendo there was a question of fact as to whether appellant reasonably relied on the alleged promises made to him, the seventh assignment of error, there is no evidence that appellant detrimentally relied upon any alleged promise, the eighth assignment of error.
In his deposition, appellant described two business opportunities, not definite job offers; neither individual with whom appellant spoke went ahead with the business opportunity. Appellant stated that he turned one down because it was "speculative" and the other because he had "a good job" and was "invested in this job." In his deposition, appellant also testified that his nephew wanted appellant "to be involved as more than just an investor" in a local brewing company but that appellant declined because he "did not want to do that" given his job at Glasstech and appellant did not "want to have a responsibility other than just as an investor."[1] Without evidence that appellant detrimentally relied upon any alleged promise made to him, appellant's claim of promissory estoppel must fail.
Accordingly, appellant's sixth through eighth assignments of error are found not well-taken.
 VII.
In his ninth assignment of error, appellant contends that the trial court inappropriately applied the holding in Cohen Co. v. Messina (1985), 24 Ohio App.3d 22, to find that the employee handbook did not supplement his employment agreement and otherwise erred in dismissing appellant's claim for breach of contract based on retaliation. Specifically, appellant argues that his non-renewal was in contravention of a provision in the employee manual in regard to taking problems to "higher levels of Management." This court finds no merit in this assignment of error.
In its judgment entry, the trial court quoted fromCohen Co. v. Messina, 24 Ohio App.3d at 23-24, in regard to the necessity that there be a "meeting of the minds" for employee manuals to be considered valid contracts. In Cohen, the court stated:
 "Ohio courts have given effect to provisions in employee manuals and other documents provided by the employer as part of the employment contract. (Citations omitted.) Such manuals may be important in establishing the terms and conditions of employment. (Citation omitted.) However, in order for such manuals to be considered valid contracts, there must be a "meeting of the minds." (Citation omitted.) The parties must have a distinct and common intention which is communicated by each party to the other. (Citation omitted.) * * *" Id.
In the case sub judice, the employment agreement signed by appellant specifically incorporated the employee manual only in regard to the provisions relating to vacation and personal leave. The employment agreement signed by appellant also contained an integration clause which provided that the employment agreement contained the entire agreement between the parties.
Accordingly, appellant's ninth assignment of error is found not well-taken.
 VIII.
In his tenth assignment of error, appellant contends that the trial court erred in finding that the representations Christman made to appellant after they signed the stock option agreement were barred by the parol evidence rule. This court finds no merit in this assignment of error.
In regard to these representations, appellant asserted that these representations were made to him by Christman before and after the time of signing the stock option agreement on January 5, 1995. The trial court held that consideration of these representations was barred by the parol evidence rule because the statements were prior to and contemporaneous with the signing of the stock option agreement. In discussing the parol evidence rule, the court in Busler v. D H Mfg., Inc. (1992), 81 Ohio App.3d 385,390, stated:
 "* * * This misnamed and often misunderstood rule is not really a rule of evidence but instead is a rule of substantive law designed to protect the integrity of final, written agreements. (Citation omitted.) If contracting parties integrate their negotiations and promises into an unambiguous, final, written agreement, then evidence of prior or contemporaneous negotiations, understandings, promises, representations, or the like pertaining to the terms of the final agreement are generally excluded from consideration by the court. (Citations omitted.) This rule is not confined to excluding merely parol communications; it excludes contrary written communications as well." (Emphasis added.)
Thus, the parol evidence rule precludes consideration of any representations which occurred prior to or contemporaneous[2]
with a written contract and which attempt to vary or contradict the terms contained in the contract. AmeriTrust Co. v. Murray
(1984), 20 Ohio App.3d 333, 335. Because the statements which appellant contends modified the stock option agreement were made contemporaneous with the stock option agreement, the trial court did not err in its determination that they were barred by the parol evidence rule.
Accordingly, appellant's tenth assignment of error is found not well-taken.
 IX.
In his eleventh assignment of error, appellant contends that the trial court erred in finding that appellant did not show any new and distinct consideration to support the oral modification of the stock option agreement. This court finds no merit in this assignment of error. This court has already addressed appellant's argument in regard to new and distinct consideration and his arguments in regard to promissory estoppel and has found no merit in these arguments.
Accordingly, appellant's eleventh assignment of error is found not well-taken.
 X.
In their brief, appellees set forth a cross-assignment of error, arguing that the trial court erred in determining that the statute of frauds did not bar appellant's oral modification claim. However, based upon this court's disposition of appellant's assignments of error, appellees' cross-assignment of error is moot.
R.C. 2505.22 provides, in part: "assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part." In Partonv. Weilnau (1959), 169 Ohio St. 145, paragraph seven of the syllabus, the Ohio Supreme Court held: "Assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review. (Section 2505.22, Revised Code, construed and applied.)" "* * * [A]n assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." Id. at 171.
Accordingly, this court need not reach the merits of appellees' cross-assignment of error under App.R. 12(A)(1)(c).
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. JUDGE
James R. Sherck, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.
[1] In opposition to appellees' motion for summary judgment appellant did submit an affidavit. In his affidavit, appellant contradicted his deposition testimony as to the reasons he turned down these three opportunities. As this court held in Scheafferv. Lute (Nov. 22, 1996), Lucas App. No. L-96-045, unreported, when a non-moving party's affidavit contradicts his deposition testimony in significant unexplained ways, a trial court does not err in disregarding the affidavit.
[2] The definition of "contemporaneous" in Webster's Collegiate Dictionary, 10th Edition (1996), 250, is "existing, occurring, or originating during the same time."